THE LAW OFFICES OF ROBERT L. GELTZER
Robert L. Geltzer
1556 Third Avenue
New York, New York 10128
*Counsel to Robert L. Geltzer, the*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| In re: | **Chapter 7** |
| **BENCHMARK SOLUTIONS, INC., et al.,** | **Case No. 13-10785 (SCC)** |
| Debtors. | **Jointly Administered** |
| ----------------------------------------------------------------- | |
| **ROBERT L. GELTZER**, as Chapter 7 Trustee for **BENCHMARK SOLUTIONS, INC., et al.**, | |
| Plaintiff, | |
| v. | **Adv. Pro. No.** |
| **TRUE PARTNERS CONSULTING LLC**, | |
| Defendant. | |

-----------------------------------------------------------------

**COMPLAINT TO RECOVER PREFERENTIAL TRANSFER**

Robert L. Geltzer, Esq., as Chapter 7 trustee (the "Trustee" or "Plaintiff") of Benchmark Solutions, Inc., et al., the debtors (the "Debtors"), and as the Plaintiff in this adversary proceeding, by his counsel, the Law Offices of Robert L. Geltzer, brings this Complaint against True Partners Consulting LLC (the "Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an adversary proceeding brought by the Trustee to avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547 and 550(a), and to disallow claims pursuant to 11 U.S.C. § 502(d).

**JURISDICTION AND VENUE**

2.      The United States District Court for the Southern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standing Order of Reference, dated January 31, 2012 of Chief Judge Loretta A. Preska of the United States District Court for the Southern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

3.      This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), (F) and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      This adversary proceeding is commenced pursuant to the United States Bankruptcy Code ("Bankruptcy Code") §§ 101, 105(a), 547 and 550(a); the general equity powers of the Bankruptcy Court; the general common law; and is also commenced pursuant to Federal Rules of Bankruptcy Procedure 6009, 7001 and 7008 to recover money or property of the estate.

5.      Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code pending in this District.

## THE PARTIES

6.     On March 15, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.  On May 15, 2013, this Court issued an Order granting a motion for the joint administration of these cases.

7.     On or about March 15, 2013, the Trustee was appointed interim trustee of the Debtors, and subsequently became permanent Trustee pursuant to Section 702(d) of the Bankruptcy Code and by operation of law, and he has continued serving and is presently serving as such Trustee.

8.     The Trustee is a resident of the State of New York and is a licensed attorney maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

9.     Upon information and belief, the Defendant is a corporation and conducts business as such at 14 Pinelawn Road, Suite 350N, Melville, New York 11747.

10.    On information and belief, the Defendant conducted business with the Debtors within 90 days of the Petition Date.

## COUNT ONE
### (To Avoid Preferential Transfer Under 11 U.S.C. § 547)

11.    The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

12.    Upon information and belief, within the 90-day period preceding the Petition Date (the "Preference Period"), the Debtors made one or more transfers to the Defendant of money or property in the aggregate amount of not less than $54,900.00 (the "Transfers"), as set forth on the summary below:

| Approximate Date of Transfer | Check Number(s) | Approximate Amount of Transfer |
|---|---|---|
| 02/06/13 | 6163 | $ 1,500.00 |
| 02/28/13 | Wire Transfer | $50,000.00 |
| 02/28/13 | Wire Transfer | $ 3,400.00 |

13.    The Transfers constitute the transfer of an interest in property of the Debtors to or for the benefit of the Defendant.

14.    The Transfers were made for or on account of an antecedent debt(s) owed by the Debtors to the Defendant before the Transfers were made.

15.    The Transfers were made while the Debtors were insolvent.

16.    The Transfers enabled the Defendant to receive more than the Defendant would have received as a creditor if the Transfers had not been made and the Defendant had received payment on the debt it was owed by the Debtors to the extent provided in a case under Chapter 7 of the Bankruptcy Code.

17.    Accordingly, the Trustee is entitled to judgment against the Defendant avoiding the Transfers under Section 547 of the Bankruptcy Code.

### COUNT TWO
### (To Recover Avoided Transfer Under 11 U.S.C. § 550)

18.    The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

19.    The Trustee is entitled under Section 550(a) of the Bankruptcy Code to recover the value of the Transfers from the Defendant, to the extent such Transfer is avoided under Section 547 of the Bankruptcy Code.

## COUNT THREE
### (To Disallow Claims Under 11 U.S.C. § 502(d))

20.     The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

21.     To the extent that the Transfers are avoided under Section 547 of the Bankruptcy Code, any claim or claims of the Defendant asserted against the Debtors are subject to mandatory disallowance pursuant to Section 502(d) of the Bankruptcy Code unless and until any amounts of the Transfers subject to avoidance and/or recovery are turned over to the Debtors' estate.

## RESERVATION OF RIGHTS

22.     It is the intent of the Trustee to recover all preferences of Debtors made to the Defendant during the Preference Period and, as such, the Trustee hereby specifically reserves his rights to amend this Complaint to:  (a) include further information regarding the Transfers; (ii) include additional payments, if any, that are not identified in the Complaint; (c) make modifications of and/or revisions to the Defendant's name; (d) name additional defendants, if any, in this action; and (e) bring any and all other causes of action (e.g., but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549) that it may maintain against the Defendant, including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals any additional transfers or further causes of action (collectively the "Amendments"), and for the Amendments to relate back to this original Complaint.

## **RELIEF REQUESTED**

**WHEREFORE**, the Trustee requests that this Court enter judgment in favor of the Trustee as follows:

    a.    Avoiding the Transfers under Section 547 of the Bankruptcy Code;

    b.    Pursuant to Section 550(a) of the Bankruptcy Code, ordering that the Defendant pay or otherwise turn over to the Trustee the value of the Transfers, together with pre- and post-judgment interest at the maximum legal rate under 28 U.S.C. § 1961 from the earliest date allowed by law until date of judgment or until paid or turned over in full, as applicable;

    c.    Ordering that any claim asserted by the Defendant against any of the Debtors be disallowed pursuant to Section 502(d) of the Bankruptcy Code unless and until the Defendant pays all sums subject to avoidance and/or recovery under Sections 547 and 550 of the Bankruptcy Code;

    d.    Awarding the Trustee's attorneys' fees and costs; and

    e.    Granting any additional relief this Court deems just and equitable.

Dated: New York, New York
       January 2, 2014

                              Respectfully submitted,
                              The Law Offices of
                              ROBERT L. GELTZER

                              By: /s/ Robert L. Geltzer
                                  Robert L. Geltzer (RG 4656)
                                  1556 Third Avenue, Suite 505
                                  New York, New York 10128
                                  (212) 410-0100

                                  *Counsel to Robert L. Geltzer,*
                                  *The Chapter 7 Trustee*