UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| In Re: | **Chapter 7** |
| **BENCHMARK SOLUTIONS, INC., et al.,** | **Case No. 13-10785 (SCC)** |
| Debtors. | **Jointly Administered** |

-------------------------------------------------------------
**ROBERT L. GELTZER**, as Trustee for
**BENCHMARK SOLUTIONS, INC., et al.**,

                Plaintiff,

| | |
|---|---|
| - against - | **Adv. Pro. No. 14-01007 (SCC)** |

**TRUE PARTNERS CONSULTING LLC**,

                Defendant.
-------------------------------------------------------------

### STIPULATION AND ORDER SETTLING TRUSTEE'S CLAIM

Stipulation ("Stipulation" or "Stipulation of Settlement") dated this 5th day of May, 2015, by and between ROBERT L. GELTZER, ESQ., as Chapter 7 trustee (the "Trustee") of Benchmark Solutions, Inc., et al., the above-captioned debtors (the "Debtors") and True Partners Consulting LLC ("Defendant" or "True").

### RECITALS:

1.    On or about March 15, 2013 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code. On May 15, 2013, this Court issued an Order granting a motion for the joint administration of these cases.

2.    On or about March 15, 2013, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtors' estates pursuant to § 701 of the Bankruptcy Code, and thereafter, pursuant to § 702(d), became permanent Trustee by operation of law, and is serving as such.

3.    Upon information and belief, the Defendant is a limited liability company and conducts business as such at 225 W. Wacker Drive, Suite 1600, Chicago, Illinois 60606.

-2-

4. The Trustee alleges that, within the ninety (90) day period prior to the Petition Date, the Debtors made certain payments to or for the benefit of True in the amount of at least $54,900.00 (the "Preferential Transfer" or "Transfer").

5. The Trustee further alleges that the Transfer was made while the Debtors were insolvent.

6. The Trustee further alleges that the Transfer enabled True to receive more than it would have received if the Transfer had not been made.

7. The Trustee further alleges that, the Transfer was made on account of an antecedent debt or debts owed by the Debtors to True before the Transfer was made and before the Petition Date.  To the extent that the Transfer may not have been made on account of an antecedent debt, the Trustee alleges that the Transfer was a pre-payment for services to be provided by True, but which services were not provided.

8. True answered the Complaint and alleged certain defenses and affirmative defenses to the Transfers.

9. The parties herein have exchanged various documents and engaged in discussions resulting in the extant Stipulation for which Court approval is sought.

**NOW, THEREFORE**, based upon the foregoing and upon the mutual covenants hereinafter set forth and in consideration thereof:

**IT IS HEREBY STIPULATED AND AGREED** as follows:

10. True and the Trustee acknowledge this Court's jurisdiction over the parties and over the subject matter of any Adversary Proceeding, that could be, and can be, brought, and that any such Adversary Proceeding would constitute a "core" proceeding under 28 U.S.C. § 157(b).

11. In full and final settlement of any claim or cause of action that the Trustee has or may have against True concerning the avoidance of the Transfer, True waives all claims against the Debtors' estate, including any claims that it may have pursuant to § 502(h) of the Bankruptcy Code and, in addition thereto, shall tender to the Trustee a check in the sum of $20,000.00 (the "Settlement Amount"), payable to "Robert L. Geltzer, as Trustee" (the "Settlement Check").  The Settlement Check shall be delivered to the offices of the Trustee's

counsel, the Law Offices of Robert L. Geltzer, 1556 Third Avenue, Suite 505, New York, New York 10128 within fourteen (14) days of True's attorney's receipt of this of this Stipulation of Settlement.

        12.    Upon entry of a Final Order of the Bankruptcy Court, as defined herein, approving this Stipulation of Settlement and the receipt by the Trustee of the Settlement Check in good funds, True and the Trustee shall be deemed to have mutually released each other from any and all claims, causes of action, offsets, recoupments, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity, direct or contingent, which the Trustee and/or True or their respective successors or assignees ever had, now have, from the beginning of the world to the date of the approval of this Stipulation of Settlement by the Bankruptcy Court against each other and/or their respective heirs, executors, administrators, agents, representatives, managing directors, successors and assigns, relating to the Transfer or any claims or causes of action the Trustee has or may have against True under 11 U.S.C. §§ 544, 547, or 548, or applicable state law, except for the obligations pursuant to this Stipulation of Settlement, and the Adversary Proceeding shall be dismissed with prejudice.

        13.    This Stipulation of Settlement shall be binding upon the parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the case.

        14.    This Stipulation of Settlement has been entered into for settlement purposes only, is not admissible in any action or proceeding except to obtain Bankruptcy Court approval hereof pursuant to Bankruptcy Rule 9019 and to enforce the expressed terms and conditions hereof.  Neither of the parties hereto shall offer this Stipulation of Settlement or any other documents or agreements executed and delivered in connection herewith or the negotiations relating hereto as evidence of, nor shall this Stipulation of Settlement be deemed to be or construed as, an admission of any liability on the part of any party hereto or any other party to a release with respect to any of the matters covered by or described in any such document or as a concession by the Trustee or True of the adequacy of the settlement amount.

15. Any notices, requests, claims, demands and any other communication hereunder shall be in writing and shall be deemed to have been duly given and delivered on the date of delivery by messenger or transmitted by email, telex, telecopier or telegram or on the third business day after which mailed if mailed by first class or certified mail, postage pre-paid to the respective parties as follows:

    (I) if to the Trustee, to:

    Robert L. Geltzer, Esq.
    Law Offices of Robert L. Geltzer
    1556 Third Avenue, Suite 505
    New York, New York 10128
    (212) 410-0100
    rgeltzer@epitrustee.com

    (ii) if to True, to:

    Roland Gary Jones, Esq.
    Jones & Associates
    1745 Broadway, 17th Floor
    New York, New York 10019
    (646) 964-6461
    rgj@rolandjones.com

or to other such address as any party may have furnished to the other party in writing in accordance herewith, except notices of changes in address shall only be effective upon receipt.

16. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principle of conflicts of laws.

17. This Stipulation of Settlement together with any other documents referred to herein, constitutes the entire agreement and understanding among the parties hereto with respect to the subject matter hereof.

18. No representations have been made to any other party to this Stipulation of Settlement.

19. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified nor may any provision hereof be

waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

20. Any provision of this Stipulation of Settlement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. If any release of any of the parties hereto is invalidated or declared unenforceable in whole or in part, the release as to the other parties thereto will be similarly invalidated.

21. This Stipulation of Settlement shall not be effective until the So Ordering of this Stipulation of Settlement, which is no longer subject to appeal, and from which no appeal is pending ("Final Order"). If a Final Order has not been entered within one hundred twenty (120) days of the date hereof, this Stipulation of Settlement shall become, and thereupon will be, null, void, and of no further force or effect, the Settlement Amount shall be returned to True by check with ten (10) business days thereafter, and the parties hereby reserve and shall be restored to all of their respective rights, claims or defenses with respect to the Transfer.

22. All representations contained herein or made in writing by or on behalf of any party to this Stipulation of Settlement in connection herewith shall survive the execution and delivery hereof and the releases attached hereto.

23. This Stipulation of Settlement may be executed in two or more counterparts each of which shall be deemed to be an original but all of which together shall constitute one in the same document.

**IN WITNESS WHEREOF**, the parties have hereunto set their respective hands and seals this 5th day of May, 2015.

    Law Offices of
ROBERT L. GELTZER
Attorneys for ROBERT L. GELTZER, ESQ.,
as Trustee for Benchmark Solutions, Inc.
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100


By: /s/ Robert L. Geltzer
    ROBERT L. GELTZER
    Member of the Firm


JONES & ASSOCIATES
Attorneys for Defendant
1745 Broadway, 17th Floor
New York, New York 10019
(646) 964-6461


By: /s/ Roland Gary Jones
    ROLAND GARY JONES
    Member of the Firm

**SO ORDERED:**

/S/ Shelley C. Chapman
SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE


Dated: June 15, 2015
    New York, New York